## THOMAS v. NEW YORK LIFE INS. CO.
### No. 6849.

Circuit Court of Appeals, Sixth Circuit.
Feb. 7, 1936.

Millsaps Fitzhugh, of Memphis, Tenn. (Fitzhugh, Murrah & Fitzhugh, of Memphis, Tenn., on the brief), for appellant.

R. E. King, of Memphis, Tenn. (King & King, of Memphis, Tenn., and Louis H. Cooke, of New York City, on the brief), for appellee.

Before MOORMAN, SIMONS, and ALLEN, Circuit Judges.

ALLEN, Circuit Judge.

Action by the beneficiary under a policy of life insurance issued by appellee to Finis Thomas, appellant's brother. Appellee claimed that the policy had lapsed due to failure of the insured to pay the premium due October 20, 1932. At the close of all the evidence the District Court directed a verdict for appellee.

In August, 1932, while the policy was in effect, the insured was removed to a tuberculosis sanatorium in Booneville, Arkansas, for treatment, where he died on January 15, 1933. Appellee adduced evidence to prove that it had mailed notice of the premium due October 20, 1932, to the insured a month before the due date. The insured's mail was sent to Turrell, Arkansas, and was forwarded to the sanatorium. Appellee had not been formally notified of a change of address, although there is evidence tending to indicate that the local agent was aware of the insured's removal to the sanatorium. Appellant introduced testimony in an effort to prove that the notice claimed to have been mailed was not received, but this testimony was vague and self-contradictory, and too unsubstantial to make an issue of fact for the jury as to the mailing of the first notice. The other two notices usually sent out under the practice and custom of the appellee, the reminder notice during the thirty-day grace period, and the lapse notice, were concededly not sent, and no notice was mailed of the amount of dividend due on October 20, 1932, under the policy. In his application the insured elected that all such dividends should be left to accumulate at interest, subject to the insured's order. The premium due was not paid.

■ The principal legal question is whether appellee was obliged to notify the insured of the due date of the premium payments. Appellant claims that the insured relied, and had a right to rely, on appellee's uniform custom of sending these various notices, and was misled by his failure to receive them, relying upon Insurance Co. v. Eggleston, 96 U.S. 572, 24 L.Ed. 841. This case, while it contains language supporting appellant's contention, was distinguished and greatly limited in its application by Thompson v. Insurance Co., 104 U.S. 252, 258, 26 L.Ed. 765. The customary notice relied on in the Eggleston Case was a notice designating where and to whom the payment should be made. The agent designated and the place at which payment was to be made were not always the same, and without the notice the insured could not make the required premium payment. The notice omitted was not, as here, a notice of the date when the premium was due. In the Thompson

Case, the Supreme Court stated that the insured knew, or was bound to know, when his premiums became due.

This record does not show where the policy was delivered. The contract was executed by the appellee in New York State. This court has held that the requirements of the New York statute providing that no insurance policy shall be declared forfeited or lapsed for nonpayment of a premium when due unless a notice shall have been duly addressed and mailed to the insured are complied with by the proper addressing and mailing of such notice. McConnell v. Provident Savings Life Assur. Soc. of New York, 92 F. 769 (C.C.A. 6). In the instant case such notice was mailed.

Since the insured elected to leave the dividends with the appellee at interest subject to his order, the decision in Phœnix Ins. Co. v. Doster, 106 U.S. 30, 1 S.Ct. 18, 27 L.Ed. 65, and Kaeppel v. Mutual Life Ins. Co. of New York, 78 F.(2d) 899 (C. C.A. 3), have no application. The company could not apply the dividends to the premium without the order of the insured, and hence the premium was not subject to variation dependent on the amount of the dividend to which the insured was entitled.

The judgment of the District Court is affirmed.